# Abuiso v. PennDOT

C.P. of Monroe County, No. 08-CV-8334.

*Kevin Conaboy,* for plaintiffs
*John W. Stahl,* for defendant.

WILLIAMSON, *J.,* January 17, 2013—This matter comes before the court on post-trial motions following a jury trial. The plaintiffs, Michael Abuiso and Stephanie Abuiso, brought suit for injuries as a result of a motor vehicle accident allegedly caused by an object bouncing out of a Pennsylvania Department of Transportation (PennDOT) truck and striking the plaintiff's vehicle. Plaintiff, Michael Abuiso, sought damages for injuries he sustained. Plaintiff, Stephanie Abuiso, withdrew her claims for loss of consortium before the start of trial.

Plaintiff, Michael Abuiso, ("plaintiff") was following what he believed to be a PennDOT truck on State Route 447 near Canadensis, Pennsylvania. The plaintiff alleged a piece of guardrail fell off of the PennDOT truck and struck his car, causing him to swerve off of the road and hit an embankment. There were no witnesses to the accident. Plaintiff did not immediately report the incident to the police or to PennDOT. Plaintiff testified that immediately after the accident, he called a family member, changed the flat tire that had occurred in the accident, and then drove the vehicle to a gas station. Minor repairs were made, and the plaintiff then drove home. Plaintiff testified that he later reported the matter to his insurance company.

Plaintiff testified that his head, neck and back began to hurt after the accident. He sought and started treatment for the injuries three days after the accident. A week after the accident, the engine seized in plaintiff's vehicle, which he attributed to the accident. As a result, the vehicle was junked as a total loss.

Plaintiff waited nearly eleven (11) months before filing a police report. No report was made to PennDOT directly by the plaintiff; however, plaintiff's counsel sent a notice of the accident to PennDOT more than six (6) months after the accident. During direct examination, the plaintiff testified that since 1988, he had at least two (2) work-related accidents resulting in injury and at least three (3) motor vehicle accidents.

Plaintiff testified that his first work-related accident resulted in his being out of work for over six (6) years. This injury occurred when the elevator he was repairing went into a free fall and stopped abruptly. Plaintiff then testified about an injury suffered while working for a resort, and injuries from several car accidents. Finally, plaintiff testified to the current accident and injury. Plaintiff testified on cross-examination that he injured his knee in the elevator accident and had a workman's compensation claim as a result. Defense counsel asked if the plaintiff also brought a civil lawsuit as a result of the elevator accident, and plaintiff's counsel objected as to relevance. Defense counsel responded that it showed plaintiff was familiar with the process of making claims. The objection was overruled.

Plaintiff was also asked on cross-examination if he had an additional workman's compensation claim and whether or not it settled. Plaintiff's counsel objected as to relevance and defense counsel responded it also went to familiarity with the process of accidents and claims. The objection was overruled.

Plaintiff testified on direct about his service at Ground Zero in New York City following 9/11 in assisting with recovery efforts. The plaintiff then testified on cross-examination, without objection, that as a result, he suffered from post-traumatic stress and received disability (SSI). Finally, defense counsel asked the plaintiff if he made a claim to his insurance company for car damage in this matter. The case was sent to a jury, and the jury returned a verdict in favor of the defendant, PennDOT, finding no liability.

Plaintiff filed timely post-trial motions objecting to the court's allowance of admission into evidence of plaintiff's prior lawsuits, worker's compensation claims and Social Security claims. Defendant also filed a post-trial motion objecting to this court's refusal to allow into evidence plaintiff's guilty plea to unsworn falsification in an insurance claim that was entered more than ten (10) years prior to trial in this matter. Both matters were heard together at argument held January 7, 2013. The parties filed briefs and we are ready to rule on both post-trial motions.

Plaintiff claims the admission into evidence of prior

lawsuits, worker's compensation claims and social security claims was an error of law and/or abuse of discretion. Plaintiff cites *DeFrancesco v. Exeam, Inc.*, 642 A.2d 529 (Pa. Super. 1994) for the proposition that attempting to paint an opposing party as litigious to undermine credibility is reversible error due to its potential prejudicial impact on the jury. In *DeFrancesco*, the Superior Court refused to grant the defendant a new trial where the trial court refused to allow evidence of plaintiff's prior motor vehicle accident in a gun product's liability case. There simply was no connection between the prior motor vehicle accident, and the claims brought forth in a product's liability case involving a gun. *Id.* The Superior Court held that the trial court did not abuse its discretion by refusing to allow testimony of the prior car accident in that particular case. *Id.*

However, in this case, there was a connection between the prior accidents and claims and the present automobile accident claim. First, there was a history of injuries and claims of injuries, relevant for the jury to consider. The injuries and extent of the injuries that occurred in this accident were in dispute. The plaintiff and his medical expert testified to the extent of his injuries. The claims of prior injuries and whether those injuries resolved were at issue. It was relevant to consider the claims and status of the claims to determine if those injuries still existed, were aggravated, or if the plaintiff had new injuries. For example, whether or not the worker's compensation matters were closed or resolved, could help determine the

status of those injuries. Therefore, it was proper for the jury to consider the extent of prior injuries through claims submitted, including the impact of this accident on pre-existing injuries.

Second, and more importantly, plaintiff's familiarity with insurance companies, claims and lawsuits was relevant as to his actions following this accident. In closing to the jury, defendant's counsel questioned the credibility of the defendant, not because of the number of accidents, claims, or suits; but the fact plaintiff knew the process of reporting and following up on claims. Defense counsel then questioned the failure of the plaintiff to follow-up and report this accident timely. The questions to the plaintiff were not to show he was prone to accidents or that he was litigious; rather, they were relevant to show credibility of the plaintiff, which was called into question by the defense because there were no witnesses to the accident, and because of the plaintiff's failure to immediately report the accidents. In other words, the defense was calling into question whether the events occurred as stated since it was reasonable to expect the plaintiff would report the accident and follow-up on a claim based on familiarity with prior claims, and reporting those claims, even to insurance carriers.

The Pennsylvania Rules of Evidence 401 states: "... relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa. R. E.

401. Here, plaintiff's history of accidents, claims and suits was relevant in evaluating his credibility where he did not report the accident to police for almost eleven (11) months, and never reported it to PennDOT. It was reasonable to inquire into plaintiff's prior reporting of claims in his other matters, and being represented by counsel, as proof that plaintiff understood the importance of reporting this accident timely, and to the parties involved. The admission of the testimony was within the discretion of the trial court, and the admission of it outweighed the danger of unfair prejudice or confusion of the issues. Pa. R. E. 403. It was important the jury consider evidence necessary to determine the plaintiff's credibility. Therefore, the plaintiff's post-trial motion will be denied.

Defendant also filed a post-trial motion. In the event plaintiff is granted a new trial, the defendant argues the plaintiff's guilty plea on July 12, 2001 to unsworn falsification to authorities/written statement, should have been allowed into evidence. The Pennsylvania Rule of Evidence 609 prohibits testimony of prior convictions, except those involving fraud or dishonesty, or crimen falsi. Plaintiff has two convictions for a crime involving crimen falsi; one conviction in 2001, and one in 2005. This court allowed evidence of the 2005 conviction, but not the 2001 conviction.

Pennsylvania Rule of Evidence 609(b) limits evidence of crimen falsi convictions to those occurring within ten (10) years prior to the testimony. Here, the 2001 conviction occurred more than ten (10) years ago. Such a conviction

will only be allowed if the court finds the probative value of the conviction outweighs the prejudice to the party.

In this case, the prejudice to the plaintiff would have been greater than the probative value. The plaintiff was convicted in 2001 of a crime arising out of an insurance fraud case. Plaintiff allegedly participated in insurance fraud by making a report to police and the insurance carrier that the car was stolen. The plaintiff allegedly set the car on fire and then made a false report. Such a conviction, while relevant for purposes of credibility, would prejudice the plaintiff too much. The plaintiff stood a strong chance of being disbelieved just because he had been convicted in an insurance fraud case in the past. The jury could infer, based on the prior conviction, that the plaintiff was making the same false claim. With credibility being such an important issue in this case, the prejudice to the plaintiff would have been overwhelming and unfair.

Furthermore, the defendant could obtain the same probative value from the 2005 conviction. The 2005 conviction was admissible and allowed into evidence. It is specifically allowed as evidence under Rule 609. The evidence of the 2005 conviction allowed the defendant to make the same argument with regard to credibility without the overkill of a conviction specifically for automobile insurance fraud, which potentially taints the jury's perception. Therefore, the probative value did not outweigh the prejudice to the plaintiff to allow the 2001 conviction into evidence. Thus, the decision to exclude

evidence of the conviction occurring more than ten (10) years ago will not be disturbed.

## ORDER

And now, January 17, 2013, following submission of briefs, and arguments held, it is ordered and decreed as follows;

1. Plaintiff's motion for post-trial relief is denied.

2. Defendant's motion for post-trial relief is denied.